MEMORANDUM **
Marquis Lee Johnson appeals pro se from the district court’s judgment denying his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.
Johnson contends that his appellate counsel was ineffective for failing to raise on direct appeal the various claims of prosecutorial misconduct and trial court error that he raises in his § 2254 petition. Johnson admits in his petition that counsel told him she had reviewed his suggested claims and found them to be without merit, and Johnson has not demonstrated that any of these claims were viable on direct appeal. Accordingly, Johnson has failed to meet his burden of showing that appellate counsel was deficient for declining to raise his suggested claims on direct appeal, or that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see also Smith v. Robbins, 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (noting that the presumption that appellate counsel acted reasonably will generally be overcome only when claims not raised are clearly stronger than those presented). The state court’s decision rejecting Johnson’s ineffective assistance of counsel claim was therefore not contrary to, nor an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d); see also Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Because Johnson has not set forth any specific facts that, if proven, would entitle him to relief, he has not shown that he is entitled to an evidentiary hearing. See Gonzalez v. Pliler, 341 F.3d 897, 903 (9th Cir.2003).
Finally, we construe Johnson’s briefing of uncertified issues as a motion to expand the certificate of appealability, and we deny the motion. See 9th Cir. R. 22 — 1(e); *348 see also Hiivala v. Wood, 195 F.3d 1098, 1104-05 (9th Cir.1999) (per curiam).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.